**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS LEE MORRISON, | No. 11-17479 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02557-KJM-EFB |
| v. | |
| C. HILL, C.O.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Curtis Lee Morrison, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and due process violations.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Morrison's Eighth Amendment claims because Morrison failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs when they allegedly placed an inmate who was a smoker in his cell. *See Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991) (inmate must establish that prison officials "possessed a sufficiently culpable state of mind" to implicate the Eighth Amendment); *Jett*, 439 F.3d at 1096 (deliberate indifference requires "a purposeful act or failure to respond to pain or possible medical need").

Dismissal of Morrison's due process claims was proper because the record shows that the results of the disciplinary hearing, including the loss of good-time credits, have not been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (claim for damages based on allegations "that necessarily imply the invalidity of the punishment imposed," including the deprivation of good-time credits, "is not cognizable under § 1983"); *Heck v. Humphrey*, 512 U.S. 477, 487(1994) (if "a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" through habeas or other means).

**AFFIRMED.**